IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATIONAL TRUST INSURANCE COMPANY            PLAINTIFF

vs.      No. 17-2053

ARKLAHOMA INDUSTRIAL REFRIGERATION, INC.;      DEFENDANTS
AND MINI "MIMI" PERKINS

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the National Trust Insurance Company (hereinafter "National"), by and through its attorneys, Barber Law Firm PLLC, and for its Complaint for Declaratory Judgment, states:

### PRELIMINARY STATEMENT

1. This is a Complaint for Declaratory Judgment brought pursuant to 28 USC § 1332, in which National seeks a declaration from this Court of its contractual obligations regarding insurance contracts between National and Defendant, Arklahoma Industrial Refrigeration, Inc. ("AIR").

2. This action will resolve a dispute as to whether National must provide a defense or indemnity to AIR in an underlying suit brought by separate Defendant Mini "Mimi" Perkins ("Perkins"). Presently, National is providing a defense to AIR under a reservation of rights. In the "underlying matter," the underlying Plaintiff alleges personal injury as a result of ammonia fumes, or a "chemical" release of the pollutant, ammonia. (*Mini "Mimi" Perkins v. Arklahoma Industrial Refrigeration, Inc.*, Circuit Court of Hempstead County, Arkansas, Civil Division, 29CV-16-140-1 "the underlying matter" attached as Exhibit "1.").

1

## PARTIES

3. National is an Indiana insurance company authorized to do business in Arkansas and in fact doing business in Arkansas.

4. Separate Defendant AIR is a corporation organized under the laws of the state of Arkansas with its principal place of business in Magazine, Arkansas.

5. Through information and belief, Separate Defendant, Perkins is a citizen and resident of Hempstead County, Arkansas.

6. The underlying matter (See Exhibit "1") is pending in the Circuit Court of Hempstead County, Arkansas, Civil Division.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and the subject matter of this action based upon diversity of citizenship, 28 USC § 1332, and there is complete diversity of the parties. Further, the amount in controversy exceeds $75,000.

8. Venue is appropriate in this district. The events giving rise to this coverage dispute as set forth in the underlying Complaint (the Complaint Exhibit "1") took place in this district.

## GENERAL FACTS

9. Though this Plaintiff does not admit or concede these claims or allegations, the following statements are facts as alleged in the underlying matter (Complaint, Exhibit "1").

> (5) On or about November 2014, Tyson Foods entered into a contractual arrangement with the defendant, Arklahoma Industrial Refrigeration, Inc. ("AIR"), to perform welding work and other services at the Tyson Foods poultry plant in Hope, Arkansas. AIR was an independent contractor of

2

Tyson Foods during the performance of the welding work and at all pertinent times hereto. A portion of the work performed by AIR included the placement and welding of an end cap on the piping system at the poultry plant. The piping system functioned, in part, as a conduit for anhydrous ammonia.

(6) On or about April 24. 2016, Plaintiff was working as an employee of Tyson Foods poultry plant in Hope, Arkansas. At approximately 3:00 a.m. on April 24, 2016, the aforementioned weld and end cap on the pipe containing ammonia failed and ruptured, which released ammonia chemical into the air and about the facility. At said time and place of the rupture and chemical release, Plaintiff, Mini "Mimi" Perkins, was performing her duties as an employee of Tyson in close proximity to the chemical release. As a result, Mini, "Mimi" Perkins was exposed to the chemicals and suffered serious bodily injury as set forth herein.

(7) The weld and placement of the end cap on the piping system by AIR was done negligently and failed to comply with industry standards and regulations. As a result of the faulty work by AIR, the weld failed to hold, which caused the pipe and cap to rupture, which, in turn, released the ammonia chemical into the air which seriously injured Plaintiff, Mini "Mimi" Perkins, as set forth in more detail herein.

## National INSURANCE POLICIES

10. National issued Commercial General Liability Policy, Number CPP0020482 1, Form CG 00 01 12 07 to Arklahoma Industrial Refrigeration, Inc for the policy period May 22, 2015 through May 22, 2016. This primary policy contains Coverage A for Bodily Injury and Property Damage Liability. The Policy and declaration pages, and endorsements are attached hereto and made a part hereof as Exhibit "2."

11. The insuring agreement in the policy (Policy, Exhibit "2") states:

   **1. Insuring Agreement**

3

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our own discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result. [...]

12. The Policy defines the quoted terms as follows:

    **3.** 'Bodily Injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    [...]

    **4.** 'Suit' means a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged. [...].

    [...]

    **15.** 'Pollutants' mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. [...].

13. The insuring agreement of the Policy is modified by various exclusions. Exclusion (f) concerning Pollution is modified by Endorsement CG 21 52 12 04 and states as follows:

This insurance does not apply to:

f. Pollution

    (1) 'Bodily injury' or 'property damage' which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time.

This exclusion does not apply to:

    (a) 'Bodily injury' if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests; or

    (b) 'Bodily injury' or 'property damage' arising out of heat, smoke or fumes from a 'hostile fire' unless that 'hostile fire' occurred or originated:

        (i) At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

        (ii) At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or any in way respond to, or assess the effects of, "pollutants."

(2) Any loss of cost or expense arising out of any:

    (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, 'pollutants', or

    (b) Claim or suit by or on behalf of a government authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

Exhibit "2" Policy and Endorsement, CG 21 65 12 04.

    14.    The foregoing Pollution Exclusion (f) as stated in the Primary Policy Endorsement (Exhibit "2") defeats any entitlement to policy benefits under the National insurance policy for the allegations set forth in the underlying matter (Complaint, Exhibit "1").

15. In addition to the Pollution Exclusion in the Insuring Agreement, the Policy at issue also contains a Commercial Liability Umbrella, Form CU 00 01 12 07 attached as Exhibit "3" stating in **SECTION I – COVERAGES:**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend [...]

16. This Umbrella contains a similar pollution exclusion modified by the Total Pollution Exclusion Endorsement contained in Endorsement CG 21 52 12 05 (Exhibit "2"). The Pollution Exclusion (i) reads as follows:

This insurance does not apply to:

i. Pollution

(1) 'Bodily injury' or 'property damage' which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time.

6

This exclusion does not apply to:

(a) 'Bodily injury' if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests; or

(b) 'Bodily injury' or 'property damage' arising out of heat, smoke or fumes from a 'hostile fire' unless that 'hostile fire' occurred or originated:

(i) At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

(ii) At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or any in way respond to, or assess the effects of, "pollutants."

(2) "Pollution cost or expense".

17. The Umbrella Coverage defines Pollutants in the same manner as the Insuring Agreement, where:

> 15. 'Pollutants' mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. [...].

18. The foregoing Pollution Exclusion (i) as stated in the Umbrella Endorsement (Exhibit "2") defeats any entitlement to policy benefits under the National insurance policy for the allegations set forth in the underlying matter (Complaint, Exhibit "1").

19. For each of the reasons set forth supra, Defendant AIR is not entitled to a defense or indemnity for any of the allegations contained in the underlying matter (Complaint, Exhibit "1"). Consequently, if the named insured, AIR, is not entitled to policy benefits, neither is the

7

Plaintiff in the underlying matter (Complaint, Exhibit "1"), who is also a Defendant in the matter at hand.

20. National reserves the right to amend this Complaint and reserves the right to rely on each and every provision, whether or not specifically identified in its Complaint, of the National policy (Exhibits "1").

21. Plaintiff waives the right to a jury trial.

22. The amount in controversy exceeds the requirements for jurisdiction.

WHEREFORE, Plaintiff, National Insurance Group, prays that this Court enter a judgment declaring:

(A) The above referenced policy, endorsements, and umbrella (Exhibit "2") provide no policy benefits for the claims against separate Defendant AIR arising out of the incident described in the underlying matter (Complaint, Exhibit "1");

(B) National is under no obligation to provide a defense to separate Defendant AIR, in connection with the lawsuit hereinabove referred to as the underlying matter (Complaint, Exhibit "1");

(C) National is under no obligation to satisfy any judgment rendered against separate Defendant AIR arising out of the underlying matter (Complaint, Exhibit "1");

(D) The herein named Defendant, "Perkins" is not entitled to monies or benefits from National in the event they are successful in securing a judgment as against separate Defendant AIR in reference to the underlying matter (Complaint, Exhibit "1"); and,

(E)     Award National's costs, attorneys' fees, and all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
Attorneys for Plaintiff National Trust Insurance Company
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3414
(501) 372-6175
scotts@barberlawfirm.com

BY _____
Scott M. Strauss    AR BIN 92009